USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA EMILY GUTIERREZ,<br><br>        Plaintiff,<br><br>-against-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendants. | 1:24-cv-06669-MKV<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE** |

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff Ana Emily Gutierrez, proceeding *pro se*, brings suit under the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security. [ECF No. 12 ("Compl.")]. In her complaint, Plaintiff identified her address as 33 Princeton Street, Bayshore, NY. Compl. at 2. Thereafter, the Case was referred to Magistrate Judge Aaron. [ECF No. 8].

  Defendant now moves the Court to transfer this action to the Easter District of New York pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, 42 U.S.C. § 405, and 28 U.S.C. § 1406(a). [ECF No. 11]. In support of its motion, Defendant submits a memorandum of law [ECF No. 12]. After the Plaintiff did not file a timely opposition to the motion, Judge Aaron ordered Plaintiff to file any response to the motion to change venue no later than January 23, 2025. [ECF No. 13]. Plaintiff filed no response to the motion to change venue.

  Section 405 of the Social Security Act provides that a case challenging any final decision of the Commissioner of Social Security "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if

he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." *See* 42 U.S.C. § 405.

"Since this provision of the Social Security Act constitutes a waiver of sovereign immunity, its terms must be strictly construed, and the cited language makes clear that the procedural requirement governing venue is mandatory." *Nunez v. Kijakazi*, No. 23-CV-1548 (JGLC) (RWL), 2023 WL 5348891, at *2 (S.D.N.Y. Aug. 21, 2023) (quoting *Fields v. Astrue*, No. 09-CV-6626, 2009 WL 10712622, at *1 (S.D.N.Y. Dec. 3, 2009)). Accordingly, when a Social Security appeal is filed in the wrong district, it "must be transferred to the proper judicial district . . . or dismissed." *Nunez*, No. 23-CV-1548 (JGLC) (RWL), 2023 WL 5348891, at *2 (quoting *Adams v. Barnhart*, No. 03-CV-1362, 2003 WL 21912543, at *1 (S.D.N.Y. Aug. 8, 2003) and citing 28 U.S.C. § 1406(a)).

Plaintiff's residence is not in dispute. Plaintiff asserts in her Complaint that she resides in Bayshore, New York, *see* Compl. at 2, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c) (Suffolk County is in the Eastern District of New York). Since Plaintiff resides in the Eastern District of New York, this action must be transferred to the United States District Court for the Eastern District of New York. *See Nunez*, No. 23-CV-1548 (JGLC) (RWL), 2023 WL 5348891, at *2 (S.D.N.Y. Aug. 21, 2023) (granting motion transferring venue in Social Security case); *Adams*, 2003 WL 21912543, at *2 (same); *Fioravante v. Barnhart*, No. 02-CV-2002, 2002 WL 31422887, at *1 (S.D.N.Y. Oct 29, 2002) (Report and Recommendation recommending the same); *Pilgrim v. Commissioner of Social Security*, No. 01-CV-7371, 2001 WL 1222213, at *1 (S.D.N.Y. Oct. 12, 2001) (same).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion to transfer this case to the United States District Court for the Eastern District of New York is HEREBY GRANTED. The Clerk of

Court is respectfully requested to mail this order to the address of *pro se* Plaintiff, to transfer the case to that Court, and to close the case in the Southern District of New York.

**SO ORDERED.**

Date:  May 12, 2025
       New York, NY

                                            **MARY KAY VYSKOCIL**
                                            **United States District Judge**